UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARCUS WILLIAMS, MICHAEL TAYLOR, DENNIS STONE, AARON BRADFORD,** on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ALIMAR SECURITY, INC.,** a Michigan corporation,

Defendant.

Case No.

Hon.

**GOLD STAR LAW, P.C.**
**DAVID A. HARDESTY (P38609)**
**CAITLIN E. SHERMAN (P76606)**
Attorneys for Plaintiffs
210 E. Third St., Ste. 212
Royal Oak, MI 48067
(248) 295-7210
dhardesty@goldstarlaw.com
csherman@goldstarlaw.com

**PLAINTIFFS' COLLECTIVE ACTION**
**COMPLAINT AND JURY DEMAND**

**COMPLAINT**

Plaintiffs, Marcus Williams, Michael Taylor, Dennis Stone and Aaron Bradford, through their attorneys, Gold Star Law, P.C., for their Collective Action Complaint state:

**PRELIMINARY STATEMENT**

1. Plaintiffs Marcus Williams, Michael Taylor, Dennis Stone and Aaron Bradford ("Plaintiffs") and the employees they seek to represent are former employees of Defendant Alimar Security, Inc. who worked as alarm response security officers. Defendant required or

permitted Plaintiffs to work in excess of forty (40) hours per week, but failed to compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for all hours over forty per week.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime wage rate. 29 U.S.C. 207(a).

3. Defendant likewise does not pay proper overtime to other similarly situated workers throughout southeast Michigan. Plaintiffs bring a collective action to recover unpaid overtime compensation owed to them and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the collective action are hereinafter referred to as "Class Members."

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Marcus Williams ("Williams") is an individual residing in Southfield, Michigan. Williams' written consent form to this action is attached hereto as Exhibit "A." During the relevant period, Williams was employed by Defendant as an alarm response security officer.

5. Plaintiff Michael Taylor ("Taylor") is an individual residing in Detroit, Michigan. Taylor's written consent form to this action is attached hereto as Exhibit "B." During the relevant period, Taylor was employed by Defendant as an alarm response security officer.

6. Plaintiff Dennis Stone ("Stone") is an individual residing in Detroit, Michigan. Stone's written consent form to this action is attached hereto as Exhibit "C." During the relevant period, Stone was employed by Defendant as an alarm response security officer.

7. Plaintiff Aaron Bradford ("Bradford") is an individual residing in Detroit, Michigan. Bradford's written consent form to this action is attached hereto as Exhibit "D." During the relevant period, Bradford was employed by Defendant as an alarm response security officer.

8. Defendant Alimar Security, Inc. ("Alimar") is a Michigan corporation with its principal offices in Harper Woods, Michigan.

9. This action arises under 29 U.S.C. 207, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

10. Defendant resides within this judicial district, and venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## COVERAGE

11. At all material times, Defendants has been an "employer" within the meaning of section 3(d) of the FLSA. 29 U.S.C. 203(d).

12. At all material times, Plaintiffs and Class Members were "employees" within the meaning of section 3(e) of the FLSA. 29 U.S.C 203(e).

13. Defendant controlled the hours to be worked by and the compensation of Plaintiffs and Class Members.

## FACTUAL ALLEGATIONS

14. Alimar is in the business of providing security services, including armed response to alarms at the residential and business premises of its customers. Employees whose job was to respond to alarms are referred to herein as "alarm response security officers."

15. Plaintiffs were employed as alarm response security officers during the three years preceding the date of filing of this Complaint (the "relevant employment period").

16. Alarm response security officers monitor and respond to alarms from the premises of Alimar's customers, by travelling to the premises, inspecting the premises to determine the reason for the alarm, securing the premises as needed and reporting the status of the premises to Alimar or law enforcement agencies.

17.     Plaintiffs are not exempt from the overtime pay requirements of the FLSA.

18.     Plaintiffs regularly worked four twelve-hour shifts per week during the relevant employment period.

19.     Plaintiffs were regularly required to remain at work for one hour at the end of their shifts.

20.     Plaintiffs were regularly required to attend training sessions and meetings for which they were not compensated.

21.     Defendant compensated Plaintiffs for only 40 hours per week, although they regularly worked in excess of forty-eight hours.

22.     Defendant compensated Plaintiffs at the rate of $11.37 per hour for forty hours per week, with no compensation for hours worked in excess of forty per week.

23.     Defendant's method of paying Plaintiffs and Class Members in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek.  That is, Plaintiffs worked with other armed response security officer employees of Defendants who were paid for only forty hours per week regardless of the number of hours worked in excess of forty per week.

25.     Other employees similarly situated to Plaintiffs work or have worked for Defendant, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty hours per workweek.

26.     Although Defendant permitted or required Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

27.     Class Members perform or have performed the same or similar work as Plaintiffs.

28.     Class Members regularly work or have worked in excess of forty hours during a workweek.

29.     Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

30.     As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and the denial of overtime wage.

31.     Defendant's failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

32.     The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

33.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

34.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

35.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

As such, Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following class:

> **All current and former persons employed as alarm response security officers by Defendant throughout southeastern Michigan who worked for at least one week in excess of forty hours but were paid only for forty hours from three years prior to the filing of this complaint to the present.**

## CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. 207

36. Plaintiffs and Class Members incorporate the allegations in the foregoing paragraphs as if fully stated herein.

37. Defendant's practice of failing to pay Plaintiffs and Class Members the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. 207.

38. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiffs and Class Members.

39. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

40. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 U.S.C. § 216(b).

41. Plaintiffs and Class Members are entitled to recover attorney fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court enter judgment awarding the following relief:

    a. Unpaid overtime compensation for all hours work in excess of forty per week at the applicable time and a half rate;

    b. An amount equal to the unpaid overtime compensation as liquidated damages;

    c. Reasonable attorney fees, costs and expenses of the action;

d. An order requiring Defendant to correct its pay practices going forward; and

e. Such other and further relief as the Court deems just and equitable.

>Respectfully submitted,
>
>**GOLD STAR LAW, P.C.**
>
>*/s/ David A. Hardesty*_____
>**DAVID A. HARDESTY P38609**
>**CAITLIN E. SHERMAN P 76606**
>Attorneys for Plaintiffs
>210 E. Third St., Ste. 212
>Royal Oak, MI 48067
>(248) 295-7210

Dated: June 20, 2013

## JURY DEMAND

Plaintiffs Marcus Williams, Michael Taylor, Dennis Stone and Aaron Bradford demand a trial by jury in this action.

>Respectfully submitted,
>
>**GOLD STAR LAW, P.C.**
>
>*/s/ David A. Hardesty*_____
>**DAVID A. HARDESTY P38609**
>**CAITLIN E. SHERMAN P 76606**
>Attorneys for Plaintiffs
>210 E. Third St., Ste. 212
>Royal Oak, MI 48067
>(248) 295-7210

Dated: June 20, 2013