UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS WILLIAMS, MICHAEL
TAYLOR, and AARON BRADFORD,
on behalf of themselves and all others
similarly situated,[1]

        Plaintiffs,

v.

ALIMAR SECURITY, INC.,

        Defendant.
_____/

Civil Case No. 13-12732
Honorable Linda V. Parker

**OPINION AND ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR APPROVAL OF CLASS SETTLEMENT AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO DECERTIFY COLLECTIVE ACTION CLASS**

Plaintiffs filed this putative collective action on June 30, 2013, claiming that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay its alarm response security officers ("AROs") time and a half for overtime work. The Honorable Bernard Friedman, to whom this case originally was assigned, conditionally certified the matter as a collective action on November 21, 2013.[2] (ECF No. 19.) On April 28, 2016, Defendant filed a motion for decertification.

---

[1] Dennis Stone initially was named as a plaintiff in this action. On August 20, 2014, this Court signed a stipulated order dismissing his claims with prejudice. (ECF No. 39.)

[2] The matter was reassigned to the undersigned on May 28, 2014. (ECF No. 33.)

(ECF No. 55.) Thereafter, the parties engaged in a settlement conference before Magistrate Judge David Grand, where a settlement was reached. Plaintiffs therefore filed a Motion for Approval of Class Settlement on August 16, 2016, and submitted a settlement agreement for *in camera* review. (ECF No. 60.) Defendant has not responded to the motion and presumably does not object to the motion.

## Applicable Law

The FLSA requires all qualifying employers to pay employees no less than the minimum wage, and to compensate employees for hours worked in excess of forty per work week at a rate not less than one-and-a-half times the regular rate of pay. 29 U.S.C. §§ 206(a)(1), 207(a)(1). The statute authorizes collective actions to recover damages for unpaid wages provided two conditions are satisfied: (1) the employees are "similarly situated" and (2) all plaintiffs provide written consent to becoming a party and such consent is filed with the court. 29 U.S.C. § 216(b). "This section provides a mechanism that is 'something akin to a class action.' " *Torres v. Gristede's Operating Corp.*, No. 04 Civ 3316, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006) (citing *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 386 (W.D.N.Y. 2005)). Nevertheless, there are differences between an FLSA collective action and a class action certified under Federal Rule of Civil Procedure 23:

> (1) the collective action binds only potential plaintiffs who "opt-in," whereas Rule 23 requires class members to

> opt-out, if they wish not to be included; and (2) FLSA only requires employees be "similarly situated," whereas Rule 23 requirements are more detailed. *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318, at *4 (S.D.N.Y. Apr. 24, 2006).

*Torres*, 2006 WL 2819730, at *7.

Courts within the Sixth Circuit and in other Circuits generally apply a two-step procedure for determining whether an FLSA case should proceed as a collective action. *See, e.g., Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015); *Watson v. Advanced Distrib. Servs., LLC*, 298 F.R.D. 558, 561 (M.D. Tenn. 2014); *see also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) (describing the two-step process). At the first step, commonly referred to as conditional certification, the plaintiff must show that the employees in the proposed class are " 'similarly situated.' " *Comer*, 454 F.3d at 546 (quoting 29 U.S.C. § 216(b)). "To satisfy this burden at this initial notice stage, the plaintiff must only 'make a modest factual showing' that [the plaintiff] is similarly situated to the other employees he [or she] is seeking to notify." *Waggoner*, 110 F. Supp. 2d at 764 (quoting *Comer*, 454 F.3d at 546-47.) This " 'certification is conditional and by no means final.' " *Comer*, 454 F.3d at 546 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). As indicated earlier, Judge Friedman granted Plaintiffs' motion for conditional certification. (ECF No. 19.)

At the second step, the court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. The court's focus is on whether the individuals who have opted into the litigation are similarly situated. *See Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 297, (S.D.N.Y. 2015). The Sixth Circuit has provided that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009). The court may decertify the class if it determines at this step that the plaintiffs are not similarly situated.

In its motion to decertify the class, Defendant does not argue that Plaintiffs, generally, are not similarly situated. Instead, Defendant contends that varying circumstances render the following six individuals not entitled to relief: Jeremy Ray, Mark Allen, Darrell Cragway, Jerome Cabell, Keith Deramus, and Darren Malone. In fact, it is evident that the name Plaintiffs and the other individuals who have opted into the litigation are similarly situated as they claim to suffer a violation of the FLSA based on a single decision by Defendant-- i.e., to classify on call time as not constituting working time under the FLSA. The parties' settlement agreement, which includes payments to all of the individuals listed above (except

4

Ray), suggests that Defendant no longer is challenging final certification of this matter as a collective action.[3]

Whether or not a lawsuit proceeds as a collective action, most courts agree that " 'employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court.' " *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015) (quoting *Gentrup v. Renovo Servs., LLC*, No. 1:07cv430, 2011 WL 2532922, at *2 (S.D. Ohio Jun 24. 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *see also Steele v. Staffmark Investments, LLC*, -- F. Supp. 3d --, 2016 WL 1156744, at *1 (W.D. Tenn. 2016) (citing cases). Courts reach this conclusion having considered Congress' intent when enacting the FLSA:

> "The legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce."

---

[3] The Court, therefore, is denying Defendant's Motion to Decertify Collective Action Class as moot.

5

*Steele*, 2016 WL 1156744, at *1-2 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)) (footnotes omitted in *Steele*). " 'Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees.' " *Id*. at *2 (quoting *Lynn's Food Stores*, 679 F.2d at 1352); *see also Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (noting that the Supreme Court has "frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act.").

When reviewing a proposed FLSA settlement, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. There are several factors courts consider in making this determination:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010). Courts also find the inclusion of a

6

confidentiality provision relevant to deciding whether an agreement settling FLSA claims is fair and reasonable.

Some courts conclude that a confidentiality provision is contrary to the FLSA's purpose and the presumption of public access to any judicial document. *See Steele*, 2016 WL 1156744, at *5 (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1169 (6th Cir. 1983); *Guareno v. Vincent Perito, Inc.*, No. 14cv1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014)). As the district court stated in *Steele*: " 'A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights.' " *Id.* (quoting *Dees*, 706 F. Supp. 2d at 1242). One of the FLSA's goals is "to ensure that all workers are aware of their rights." *Guareno*, 2014 WL 4953746, at *1 (citing *Dees*, 706 F. Supp. 2d at 1242). If the parties want the court to approve a settlement agreement with a confidentiality provision, it is their burden " 'to articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.' " *Alewel v. Dex One Serv., Inc.*, No. 13-2312, 2013 WL 6858504, at *4 (D. Kan. Dec. 30, 2013) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Finally, where the settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount. *Wolinsky*, 900 F.

Supp. 2d at 336 (citing cases finding judicial review of the fee award necessary). "[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of [the] plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.' " *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

## Analysis

As an initial matter, although not addressed in Plaintiffs' pending motion, the Court does not doubt that the parties' proposed settlement represents a resolution of a bona fide dispute. As this Court's March 16, 2016 opinion and order denying Defendant's summary judgment motion reflects, there are several genuine disputes at issue, for example: (1) whether the time Plaintiffs spent "on call" or "waiting to be engaged" constitutes working time under the FLSA; (2) whether the parties agreed to a fluctuating work week schedule; and (3) whether Defendant acted in good faith. Due to these disputes, bona fide issues remain as to the amount of wages, if any, still owed Plaintiffs and the ultimate amount they could recover if they prevail.

In their pending motion, Plaintiffs do not ask the Court to find the settlement fair and reasonable-- in fact, that term appears nowhere in their motion or brief. Plaintiffs also offer no reasons why the settlement is fair and reasonable. More

importantly, they do not provide the Court with sufficient information to make that determination. Most obviously missing from Plaintiffs' motion is any indication of the amount of unpaid wages Plaintiffs claim they are owed and the amount of liquidated damages they could recover if they prevail. As such, the Court has no means for analyzing whether the settlement is a reasonable compromise of their claims.

Plaintiffs also have not provided the Court with adequate information to assess the reasonableness of the attorney's fee award. The indication that the parties completed extensive discovery, briefed dispositive motions, and engaged in lengthy negotiations with the magistrate judge prior to reaching the settlement suggests that counsel expended significant time in this litigation. Nevertheless, courts usually consider the actual hours expended by counsel and counsel's hourly rate to evaluate the reasonableness of an attorney fee award. *See, e.g., Wolinsky*, 900 F. Supp. 2d at 336-37; *see also Gentrup*, 2011 WL 2532922, at *4 (citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 517 (6th Cir. 1993)).

Finally, Plaintiffs present no argument as to why the settlement agreement should remain confidential and the presumption of public access to that document should not apply. It may be that one or both of the parties has legitimate interests supporting the agreement's confidentiality. In that case, the Court might find that those interests outweigh the public's interest in disclosure. Most courts scrutinize

confidentiality provisions in FLSA agreements by balancing those competing interests. *See, e.g.*, *Alewel*, 2013 WL 6858504, at *5 ("The court agrees with other courts in finding that the public's interest outweighs the parties' interest in keeping confidential the amount of settlement."); *Crabtree v. Volkert, Inc.*, No. 11-0529, 2013 WL 593500, at *4 (S.D. Ala. Feb. 14, 2013) ("[A]ll but the most doctrinaire opinions on the subject acknowledge that there may be circumstances where confidentiality provisions may be appropriate and should be accepted."); *Wolinsky*, 900 F.Supp.2d at 340 ("[T]he Court concludes that there is no basis to keep the Agreement out of the public record."); *Hens v. Clientologic Operating Corp.*, No. 05-CV-381S, 2010 WL 4340919, at *3 (W.D.N.Y. Nov. 2, 2010) ("This Court recognizes ... that it must balance the strong presumption of public access against any interests favoring nondisclosure."); *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1264 (M.D. Ala. 2003) ("A court faced with a request to seal judicial documents should weigh the interests protected by the presumption of openness, namely judicial transparency (especially in FLSA cases) and the first-amendment values of freedom of speech and of the press, against the parties' interest in secrecy."). This Court cannot engage in that balancing, however, without understanding the parties' rationale for seeking to keep their agreement confidential.

For these reasons, at this time, the Court is not able to conclude that the parties' agreement is fair and reasonable.  The Court is obligated to make this evaluation rather than simply rubber-stamp the parties' agreement as approved.  The Court, therefore, **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Approval of Class Settlement (ECF 60).  In light of the terms of the settlement agreement, however, the Court **DENIES AS MOOT** Defendant's Motion to Decertify Collective Action Class (ECF No. 55.)

**IT IS SO ORDERED**.

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: October 31, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 31, 2016, by electronic and/or U.S. First Class mail.

> s/ Richard Loury
> Case Manager