UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS WILLIAMS, MICHAEL
TAYLOR, and AARON BRADFORD,
on behalf of themselves and all others
similarly situated,[1]

       Plaintiffs,                    Civil Case No. 13-12732
                                          Honorable Linda V. Parker

v.

ALIMAR SECURITY, INC.,

       Defendant.
_____/

**OPINION AND ORDER GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF CLASS SETTLEMENT [ECF NO. 62]**

Plaintiffs filed this putative collective action on June 30, 2013, claiming that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay its alarm response security officers ("AROs") time and a half for overtime work. The Honorable Bernard Friedman, to whom this case originally was assigned, conditionally certified the matter as a collective action on November 21, 2013.[2] (ECF No. 19.) On April 28, 2016, Defendant filed a motion for decertification. (ECF No. 55.) Thereafter, the parties engaged in a settlement conference before

---

[1] Dennis Stone initially was named as a plaintiff in this action. On August 20, 2014, this Court signed a stipulated order dismissing his claims with prejudice. (ECF No. 39.)

[2] The matter was reassigned to the undersigned on May 28, 2014. (ECF No. 33.)

Magistrate Judge David Grand, where a settlement was reached.  Plaintiffs therefore filed a Motion for Approval of Class Settlement on August 16, 2016, and submitted a settlement agreement for *in camera* review.  (ECF No. 60.)  On October 31, 2016, this Court entered an order denying the motion for approval without prejudice.  Presently before the Court is a joint motion seeking the Court's approval of the parties' proposed settlement.  (ECF No. 62.)  For the reasons that follow, the Court is granting the motion.

**I.     Applicable Law**

When reviewing a proposed FLSA settlement, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores*, 679 F.2d at 1355.  There are several factors courts consider in making this determination:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010).  Courts also find the inclusion of a

confidentiality provision relevant to deciding whether an agreement settling FLSA claims is fair and reasonable.

Some courts conclude that a confidentiality provision is contrary to the FLSA's purpose and the presumption of public access to any judicial document. *See Steele*, 2016 WL 1156744, at *5 (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1169 (6th Cir. 1983); *Guareno v. Vincent Perito, Inc.*, No. 14cv1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014)). As the district court stated in *Steele*: " 'A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights.' " *Id.* (quoting *Dees*, 706 F. Supp. 2d at 1242). One of the FLSA's goals is "to ensure that all workers are aware of their rights." *Guareno*, 2014 WL 4953746, at *1 (citing *Dees*, 706 F. Supp. 2d at 1242). If the parties want the court to approve a settlement agreement with a confidentiality provision, it is their burden " 'to articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.' " *Alewel v. Dex One Serv., Inc.*, No. 13-2312, 2013 WL 6858504, at *4 (D. Kan. Dec. 30, 2013) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Finally, where the settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount. *Wolinsky*, 900 F.

Supp. 2d at 336 (citing cases finding judicial review of the fee award necessary). "[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of [the] plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.' " *Id*. (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

## II.   Analysis

After reviewing the pleadings and the parties' joint motion, the Court finds that the parties' proposed settlement represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. First, this Court notes that in this second motion to approve the settlement, the parties have eliminated their confidentiality provision. (ECF No. 62 at Pg ID 1439.) The decision to remove the confidentiality provision reflects an understanding that such a provision runs contrary to the FLSA's purpose of protecting workers' rights. *See Steele*, 2016 WL 1156744, at *5 (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1169 (6th Cir. 1983); *Guareno v. Vincent Perito, Inc.*, No. 14cv1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014).

As this Court's March 16, 2016 opinion and order denying Defendant's summary judgment motion reflects, there are several genuine disputes at issue, for

4

example: (1) whether the time Plaintiffs spent "on call" or "waiting to be engaged" constitutes working time under the FLSA and (2) whether the parties agreed to a fluctuating work week schedule. (ECF No. 62 at Pg ID 1440-41.)  Due to these disputes, bona fide issues remain as to the amount of wages, if any, still owed Plaintiffs and the ultimate amount they could recover if they prevail.

In addition to establishing there is a bona fide dispute, the Court must also examine the following factors to determine whether the settlement is reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

The Court first turns to the plaintiff's range of possible recovery.  In their brief, the parties explain their views on the range of possible recovery, which were determined by two methods for calculating compensation for overtime work: (1) compensation at 1 ½ times their regular hourly pay rate and (2) the "fluctuating work week" method ("FWW").  (ECF No. 62 at Pg ID 1440-41.)  The parties also note that at trial, Plaintiffs would have an opportunity to establish that they were entitled to liquidated damages as well.  (*Id.* at Pg ID 1444.)  Depending on the

method, a successful claim for liquidated damages would be either $66,640.32 or $20,238.84, depending on the compensation method. (*Id.* at Pg ID 1445.) The proposed settlement agreement gives Plaintiffs half as much as they would receive if the FWW method of damage calculation was adopted by the Court, plus liquidated damages. (*Id.* at Pg ID 1446.)

Next, the Court looks to the extent that settlement will enable the parties to avoid additional burdens and expenses. With the proposed settlement, the parties will not have to incur the burden and expense of trial.

The third factor to consider is the litigation risks faced if the settlement is not approved. Here, both parties face risks if the Court determines the appropriate calculation of overtime pay. Plaintiffs are concerned that the Court may either identify the employees as "on-call" or determine that the FWW method is the appropriate method for calculating damages. (*Id.*) Defendant faces the risk that the Court could find them liable for damages that exceed the settlement amount. (*Id.* at Pg ID 1446-47.)

Fourth, the Court considers whether the settlement agreement is the product of arm's-length bargaining. The parties reached their settlement during a settlement conference before Magistrate Judge Grand, where these figures were presented. (ECF No. 60 at Pg ID 1420.) This agreement was reached after

6

informal discussions and a prior settlement conference. (*Id.*) The Court agrees with the parties that this settlement is the product of arm's-length bargaining.

The last factor the Court must consider is whether fraud or collusion occurred in reaching the proposed settlement. The Court has found no reason to suspect fraud or collusion nor have the parties advanced any such reason.

The Court also approves the parties' proposed settlement with respect to attorneys' fees and costs. "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F.Supp.2d at 336 (internal citation omitted). However, the Court is required to carefully examine the settlement "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (internal citation omitted). After reviewing the time records submitted by Plaintiffs' counsel, the Court finds that the amount allocated for attorneys' fees is fair and reasonable, in light of the result reached in this case, and the total number of hours that plaintiffs' counsel dedicated to this matter.

## III.   Conclusion

Accordingly

**IT IS ORDERED** that the Joint Motion for Approval of Settlement (ECF No. 62) is GRANTED;

**IT IS FURTHER ORDERED** that this action is dismissed with prejudice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 1, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 1, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
